**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| LEONA HARRISON CASIANO, | : | |
| Plaintiff, | : | **Civil Action No. 23-21872 (JXN) (CLW)** |
| | : | |
| v. | : | |
| | : | **MEMORANDUM** |
| OFFICE OF LABOR MANAGEMENT STANDARDS, and JOY MITCHELL-FRIEDMAN, District Director, | : | **OPINION & ORDER** |
| | : | |
| Defendants. | : | |

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff Leona Harrison Casiano's ("Plaintiff") complaint (ECF No. 1) (the "Complaint"), as well as Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-2) (the "IFP Application"). For the reasons set forth below, the IFP Application is **GRANTED** and the Complaint is **DISMISSED** *without prejudice*. Plaintiff may file an amended complaint within thirty (30) days to cure the deficiencies discussed herein.

1.      In submitting the IFP Application, the Complaint is subject to *sua sponte* screening and may be dismissed for "fail[ure] to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii). The Court applies the same standard of review as that for dismissal under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122-23 (3d Cir. 2012).

2.      Under Rule 12(b)(6), "a complaint must contain sufficient factual matter" to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citation omitted).

1

The Court must "accept all factual allegations as true" and "construe the complaint in the light most favorable to the plaintiff . . . ." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (citations and internal quotations omitted).

3.      Pursuant to Rule 8, a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]"  Fed. R. Civ. P. 8(a)(2).  Each averment in a complaint must likewise be "simple, concise, and direct."  *Id.* at (d)(1).  A district court may dismiss a complaint *sua sponte* for failure to comply with Rule 8.  *Ruther v. State Ky. Officers*, 556 F. App'x 91, 92 (3d Cir. 2014).  Thus, a complaint may be dismissed when it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised."  *Id.* (citation and internal quotations omitted).  Here, the Complaint is dismissed *without prejudice* because it fails to state a claim.

4.      First, Plaintiff claims that this is a class action under Rule 23 (ECF No. 1-1) (the "Civil Cover Sheet")[1].  Based on the face of the Complaint, there are no class action allegations.

5.      Second, Plaintiff alleges "[r]etaliation . . . for reporting" defendant's "negligence." (*Ibid.*).  There are no allegations beyond conclusory, vague, or immaterial facts to suggest that Plaintiff was retaliated against and therefore, are insufficient to "state a claim to relief that is plausible on its face."  *Ashcroft*, 556 U.S. at 678 (citation omitted); *see also D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 14, 2010) (Court "need not . . . credit a *pro se* plaintiff's bald assertions or legal conclusions[.]") (citation and internal quotations omitted).

6.      Third, while Plaintiff alleges that the claims sound in personal injury, fraud, civil rights, and the False Claims Act (*see* Civil Cover Sheet), no facts pled support these claims.

---

[1] Plaintiff also claims there is a related case under "Docket Number 4[.]" (*Ibid.*).  The Court is unable to confirm same.

7.    Fourth, and finally, the Complaint appears to have been filed in response to Plaintiff's alleged "impeach[ment]" as president of Plaintiff's union (*see* Compl. at 3-4), and for being a "[w]histleblower[.]" (ECF No. 1-4 at 1).  The Complaint, however, state no facts to suggest a plausible cause of action for removal of a local union leader.

8.    In short, because the Complaint does not comply with Rule 8 and fails to state a claim under § 1915(e)(2)(B)(ii), it is dismissed in its entirety *without prejudice*.  Plaintiff shall be given an opportunity to file an amended complaint.

For all the foregoing reasons, it is hereby,

**ORDERED** that the IFP Application (ECF No. 1-2) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*; it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of this Memorandum Opinion and Order to cure the deficiencies discussed herein; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action subject to restoration to the active docket should Plaintiff file an amended complaint within the specified time.


DATED:      11/16/2023                                  s/ Julien Xavier Neals
                                                        **JULIEN XAVIER NEALS**
                                                        United States District Judge

3